# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2011

No. 10-50558
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FRANCISCO ELIZONDO-RAMOS, also known as Juan Elizondo, also known as Francisco Elizondo, also known as Juan Francisco Elizondo, also known as Angel Elizondo, also known as Juan F. Elizondo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2361-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Elizondo-Ramos (Elizondo) appeals the within guidelines sentence imposed following his guilty plea to illegal reentry.  Elizondo argues that the sentence was unreasonable because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and, additionally, failed to account for his personal history and characteristics and the seriousness of his offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50558

Although some of these arguments were raised below, Elizondo did not object to the reasonableness of his sentence; therefore, review may be for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). We need not determine whether plain error review is appropriate in this case, however, because Elizondo is not entitled to relief even assuming he preserved these issues.

Elizondo argues that the presumption of reasonableness should not be afforded his within guidelines sentence because, without empirical basis, § 2L1.2 double-counts criminal history. He correctly concedes that this argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and raises it to preserve the argument's further review.

Elizondo's argument that his sentence is unreasonable because the illegal reentry Guideline is not empirically based was rejected by this court in *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Insofar as Elizondo argues that his personal history and characteristics entitled him to a more lenient sentence, "the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Elizondo's mere disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.